Robert Main, J.
At the time of the accident hereinafter mentioned, the plaintiff, a gentleman about 80 years of age, resided in the City of Saratoga Springs, New York. He was a music teacher and some years previously had instructed a class at Skidmore College.
On January 16, 1960, plaintiff walked from his home to the business office of the college where his daughter, Mrs. Byrnes, was employed. Upon reaching the college at about 12 o’clock noon, he negotiated a short sidewalk, leading across the grounds to the entrance of the business office which was located in a separate building known as Hildreth Hall. At the entrance of the office was a covered porch or terrace. The floor of the porch consisted of stone slabs supported by a foundation of stone or concrete. The floor was raised, according to plaintiff’s memorandum, about six inches above the level of the sidewalk. Plaintiff placed his right foot upon the floor of the porch and apparently his left foot caught under the edge of the slate slabbing and perhaps in a hole which existed in the cement foundation or riser. Plaintiff fell and was injured. Ice and snow were present and may have contributed to the fall.
Defendant has moved for summary judgment, dismissing the complaint, contending that plaintiff was either a trespasser or at most, a bare licensee to whom defendant owed no duty of ordinary care. Plaintiff contends that he was an invitee, express or implied, to whom defendant is liable in negligence and that his status as a licensee or invitee is a question of fact to be decided by a jury.
Without indulging here in an extensive discussion of the reported cases upon the subject, many of which have been set *632 forth in the memorandums of plaintiff and defendant, I would say, that generally speaking, a landowner has no duty of ordinary care to a trespasser or licensee, but need only refrain from intentional, wanton injury or from setting a trap or the like. The owner does, of course, have a duty of ordinary care to an invitee. It is not always easy to determine whether an injured person is a trespasser, licensee or invitee. The rule with respect to persons going upon business property is perhaps most succinctly stated in Warren’s New York Negligence (vol. 3, p. 68) where it is stated that to constitute a caller an implied invitee, there must be some mutuality of interest, some connection between the owner’s business and the injured person’s presence on the premises. It may also be fairly said to be the law that long-continued permission does not ripen into invitation.
I do not agree with plaintiff’s contention that there is a question of fact with regard to plaintiff’s status. I think that his testimony, given at his examination before trial, conclusively establishes his status with regard to defendant and defendant’s premises. Plaintiff had ceased teaching at Skidmore some years prior to the accident. As he stated at his examination, he was merely taking a walk. He went to the business office to have his daughter drive him home. He did not state that any person in authority at the college expressly invited him to the college. There was no connection between plaintiff’s visit to the office and the business of defendant. Plaintiff’s presence on the property of defendant, then, was purely for personal reasons and, at most, was permissive. He was, therefore, in my opinion, in the class of persons who must take the premises as they find them and with respect to whom defendant did not have the duty of exercising ordinary care.
I do not see that the claimed defects in the premises constituted any kind of trap or that they were the result of wanton negligence. The slate floor of the porch may have been uneven and snow and ice present. These facts do not establish the existence of a trap. The hole in the riser was in front, facing the sidewalk.
It is my decision, therefore, that defendant is entitled to summary judgment, dismissing the complaint.